State v. Abrams

STATE OF NORTH CAROLINA v. CLEVELAND ABRAMS

No. 7510SC599

(Filed 3 December 1975)

1. **Criminal Law § 163— failure to except to charge or request instructions — no error shown**

    The trial court did not err in instructing the jury in a kidnapping and assault case; moreover, defendant did not object to the trial court's review of the evidence at trial, nor were there any requests for additional instructions regarding defendant's contentions.

2. **Assault and Battery § 16— assault with deadly weapon charged — instruction on simple assault proper**

    In a prosecution for kidnapping and assault with a deadly weapon, any confusion that might have arisen because the court at one point in its charge failed to state that one of the possible verdicts was "guilty of simple assault" was removed when in response to a question from the jury the court clearly declared and explained the difference between assault with a deadly weapon and simple assault, as it related to the charge of assault in this case, and the court specifically instructed the jury that it might return a verdict of guilty of simple assault.

APPEAL by defendant from Brewer, Judge. Judgment entered 18 April 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 23 October 1975.

The defendant was charged in a three-count bill of indictment, proper in form, with kidnapping Cathy Lynn Ray, kidnapping Daniel Sam Boney, and assaulting Daniel Sam Boney with a deadly weapon inflicting serious injury. The defendant pleaded not guilty to each charge and a trial was held before a jury.

The State's evidence tended to show: On Saturday night around 9:00 or 9:30 p.m., 21 December 1974, Daniel Boney and Cathy Lynn Ray, ages eighteen and sixteen respectively, were parked in Boney's car in "a little cul de sac" off Morningside Drive. Morningside Drive intersects with Blue Ridge Road and is in a development called Meredith Woods just outside Raleigh. They had been sitting in Boney's car talking for about 20 to 30 minutes when Boney looked out his window and saw the defendant walking toward the car. The defendant identified himself as a security guard and asked to see Boney's driver's license. Boney cracked the window, turned on the inside light, and showed his license to the defendant. Defendant gave the license

back and asked Boney to drive him to his patrol car. When Boney refused, the defendant broke a beer bottle on the side of the car, opened the door, and held the broken bottle against Boney's side. Defendant then reached over and unlocked the back door and got in the back seat. At that point Boney agreed to take defendant to his car if defendant would put down the bottle. The defendant dropped the bottle outside the car. As they began to drive off, the defendant "shuffled and mentioned that his pistol in his back pocket hurt him."

Boney drove the car out onto Blue Ridge Road. When they came to a small dirt road, defendant told Boney to turn, but Boney refused. Instead he drove past the dirt road and pulled over to the side of Blue Ridge Road, saying, "This is as far as we are going; we're not going to go any further." Defendant grabbed Cathy Ray and held something to her throat, saying it was a knife. Boney then agreed to drive down the dirt road. When they came to a large mud puddle in the road, Boney stopped. Boney turned toward Cathy, asking the defendant to let her go; and the defendant hit Boney in the face with his fist. Boney climbed into the back seat and fought with defendant who had a pair of needle-nose pliers he had taken out of Boney's tool box. Cathy tried to take the pliers away, but defendant hit her and hit Boney and finally succeeded in pinning Boney on the seat. He instructed Cathy to get into the driver's seat and the defendant got into the front seat. The defendant grabbed Cathy again and Boney brought his feet around and kicked the defendant. Cathy ran from the car and the defendant fled. In the struggle, Boney had been cut and bruised on the face and had received a gash on his leg from the needle-nose pliers which required stitches.

The defendant introduced two witnesses who testified that on the day of the events described, the defendant was with them. Mary Williams testified that defendant had helped her do some odd jobs around her house during the day and that he had left around dark. Daniel Booker testified that the defendant came to his house just before dark and stayed there all night, attending Booker who was disabled because of arthritis and lung problems.

The jury returned verdicts of guilty of false imprisonment of Boney, guilty of assault on Boney with a deadly weapon, and guilty of false imprisonment of Ray. From judgments imposing

consecutive prison sentences of two years in each case, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr., for the State.*

*Edward S. Finley, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] Defendant's arguments I, II, & IV all relate to the trial judge's review of the evidence in his charge to the jury. Specifically, the defendant contends that the judge erred by "misstating material facts," by "failing in its recapitulation of evidence to mention any of the specific evidentiary points that might lead the jury to conclude that the State had failed to prove defendant's guilt beyond a reasonable doubt," and by "articulating the contentions of the State and failing to articulate the contentions of the defendant," and that as a result, the trial judge inadvertently expressed an opinion on the evidence in violation of G.S. 1-180.

We note at the outset that there were no objections to the judge's review of the evidence at trial nor were there any requests for additional instructions regarding defendant's contentions. *State v. Everette,* 284 N.C. 81, 199 S.E. 2d 462 (1973). Furthermore, we have examined each of the exceptions upon which these assignments of error are based and find them to be without merit. A comparison of the instructions by the judge with the testimony given at trial shows no misstatement of material facts but rather a fair and accurate recapitulation of the evidence. Moreover, the judge is not required to review all the evidence or to "mention specific evidentiary points that *might* lead the jury to conclude that the State had failed to prove defendant's guilt beyond a reasonable doubt." His duty is only to charge the jury on all substantive features of the case arising on the evidence. *State v. Hornbuckle,* 265 N.C. 312, 315, 144 S.E. 2d 12, 14 (1965) ; *State v. Everette, supra.*

Finally, the record shows that the defendant's only evidence was brief testimony from two witnesses as to an alibi. The fact that more time was devoted to the State's evidence than to that of the defendant's was to be expected since the State presented more evidence. *State v. Grant,* 19 N.C. App. 401, 413, 199 S.E. 2d 14, 22 (1973) ; *cert. denied* 284 N.C. 256, 200

S.E. 2d 656 (1973). Under the requirements of G.S. 1-180, the trial judge fairly, correctly, and adequately instructed the jury on the essential features of the case. This assignment of error is overruled.

[2] In defendant's argument V, he contends the trial court erred "in giving conflicting instructions on the possible verdicts to the charges of assault with a deadly weapon inflicting serious injury" as to the assault on Daniel Boney. It is true, that at one point in his charge, the judge instructed the jury that with respect to the charge of assault with a deadly weapon inflicting serious injury on Boney, the jury could return a verdict of guilty of assault with a deadly weapon inflicting serious injury or guilty of assault with a deadly weapon or not guilty. However, at all other places in the charge, the court correctly declared and explained the law arising on the evidence given in the case as it related to the charge of assault with a deadly weapon inflicting serious injury on Boney and all the lesser included offenses of that charge including the lesser included offense of simple assault. Assuming, without deciding, that it was necessary for the court to instruct the jury on the lesser included offense of simple assault in the case, any confusion that might have arisen because the court at one point in its charge failed to state that one of the possible verdicts was "guilty of simple assault" was clearly removed when in response to a question from the jury, the court clearly declared and explained the difference between assault with a deadly weapon and simple assault, as it related to the charge of assault on Boney. The judge also specifically instructed the jury that it might return a verdict of guilty of simple assault as to the charge of assault on Boney. This argument is without merit.

Next defendant contends the court erred in sustaining the State's objections to a series of questions asked by defendant's counsel on cross-examination of Officer Brinson regarding the witness' interrogation of the defendant. While some of the questions put to Officer Brinson on cross-examination might have been relevant, the answers are not in the record; and defendant has failed, therefore, to show that he was in any way prejudiced by the rulings complained of. These exceptions are overruled.

The defendant has additional assignments of error which he has brought forward and argued in his brief. We have ex-

amined all of the assignments of error and find the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge CLARK concur.